IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Bristol West Insurance Company, insurer of ) <br> Kiwahnna Freeman and Zechariah E. ) <br> Freeman, ) <br> ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Donna M. Robinson and Kenneth Robinson, ) <br> ) <br>       Defendants. ) <br> _____ ) | Case Number 3:08-cv-222-CMC <br><br> **OPINION AND ORDER** |

This matter is before the court for review of jurisdictional issues. The court raised the first of these issues, whether the court has subject matter jurisdiction, by docket text order entered on February 4, 2008. In that order, the court questioned whether the amount in controversy was sufficient to support subject matter jurisdiction under 28 U.S.C. § 1332.

Defendants subsequently filed a motion seeking dismissal on multiple grounds. In addition to seeking dismissal for lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)), Defendants seek dismissal under Rules 12(b)(3), 12(b)(6), 12(b)8, and 19 of the Federal Rules of Civil Procedure. They also assert that the court should exercise its discretion under the Declaratory Judgment Act and decline to exercise jurisdiction. Finally, they assert that the relief sought would violate the Anti-Injunction Act.

For the reasons set forth below, the court continues to harbor doubts as to the adequacy of the amount in controversy as to any claim which is ripe for judicial resolution. It is not, however, necessary to resolve the difficult question of the amount in controversy because it is clear that Plaintiff has failed to join a necessary party whose joinder would defeat complete diversity. The matter is, therefore, dismissed for failure to join a necessary party. The court also concludes that

it should exercise its discretion to decline jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, for reasons explained below. The court declines to reach Defendants' additional asserted grounds for dismissal.

## BACKGROUND

For purposes of this order, the court accepts the allegations of the complaint as true. Those allegations are summarized below.

Plaintiff, Bristol West Insurance Company ("Bristol West"), is a provider of automobile insurance. On May 7, 2007, it insured a vehicle owned by Kiawahnna Freeman ("Ms. Freeman") and driven by her son, Zechariah E. Freeman ("Zechariah"). On that date, Zechariah was involved in an automobile accident which resulted in injury to Defendant Donna M. Robinson ("Ms. Robinson").

By letter dated May 21, 2007, Shane Burroughs, Esquire, advised Bristol West that Burroughs represented Ms. Robinson and her husband in regard to the accident. On July 20, 2007, Burroughs sent Bristol West a facsimile in which he stated that Ms. Robinson's medical expenses exceeded $99,000. The facsimile included the following demand: "Please be advised that I will give your company ten days to tender the policy limits to my office along with a copy of the insurance policies verifying the coverages."

Bristol West's representative spoke with Burroughs by phone on July 27, 2007, communicating Bristol West's agreement to tender the policy limits of $15,000 to settle the Robinsons' claims. Bristol West confirmed the agreement my mailing a letter which promised to mail the check on Monday, July 30, 2007, together with a Covenant Not to Execute (to be signed by the Robinsons). Bristol West mailed the check and Covenant as promised.

On August 2, 2007, Burroughs wrote to Bristol West advising that he had not yet received the check. Burroughs further stated that his client had advised him to withdraw the offer to settle for the policy limits and to proceed with a civil action. On August 10, 2007, Burroughs filed separate civil actions in state court on behalf of each of the Robinsons. Those actions, which remain pending, name Zachariah Freeman as the Defendant.[1]

The present action was filed on January 23, 2008, seeking a "judicial declaration that the claims arising out of the aforementioned automobile accident have been settled and for an order enforcing that settlement." Thus, the substantive claim is founded on the Declaratory Judgment Act, 28 U.S.C. § 2201. Subject matter jurisdiction is founded on the court's diversity jurisdiction. As to the latter, Bristol West affirmative asserts that "[t]he amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000."

## DISCUSSION

### I.     Subject Matter Jurisdiction – Amount in Controversy – Ripeness

Bristol West seeks to enforce a "contract" between itself (on behalf of the Freemans) and the Robinsons to settle a legal dispute (or at least to enter a covenant not to execute against Bristol West's insureds, the Freemans) in exchange for payment of the $15,000 policy limits. As explained in the docket text order entered on February 4, 2008, the only way that the Robinsons could seek more than that amount from Bristol West (the only Plaintiff in this action) would be if the Robinsons first obtained a judgment against one or both of the Freemans for more than that amount, and then obtained an assignment from the Freemans of their rights to pursue a bad faith claim against Bristol

---

[1] The complaints in the state court actions were not served until December 2007. The state court complaints remained unanswered as of the time the Robinsons filed their motion to dismiss in this action. *See* Dkt No. 14-2 at 2 & 7.

3

West for the amounts in excess of their liability coverage. In order to establish this claim, the Robinsons would then need to establish that Bristol West unreasonably failed to settle the matter within the policy limits when it had an opportunity to do so. *See* Dkt No. 6.

Much in the scenario set out above has yet to occur. Thus, any dispute which might involve an amount in excess of $75,000 would not appear to be ripe. While this raises serious doubts as to whether Plaintiff has satisfied the amount in controversy requirements of 28 U.S.C. § 1332, the court declines to rest dismissal on this ground.

**II.     Failure to Join a Necessary Party – Complete Diversity**

For the reasons argued in Defendant's memorandum in support of dismissal (Dkt No. 14-2 at 3-4), the court agrees that Zechariah Freeman is a necessary party under Rule 19 of the Federal Rules of Civil Procedure. Because Zechariah and the Robinsons are all citizens of South Carolina, his joinder would defeat complete diversity. For this reason, the court finds that the matter should be dismissed for failure to join a necessary party. The court further concludes that joinder of all necessary parties would defeat the existence of subject matter jurisdiction.

**III.    Declaratory Judgment Act**

The court also concludes that it should exercise its discretion under the Declaratory Judgment Act to decline jurisdiction. As the Fourth Circuit has explained, a court should consider four factors in deciding whether to exercise or decline jurisdiction under the Declaratory Judgment Act:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

4

*Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004). At least the second through fourth factors militate against the exercise of jurisdiction in this case because there is a separate, ongoing, and earlier-filed state court action in which the same issues could be raised as a defense. *See generally* Dkt No. 14-2 at 11-14 (Defendants' memorandum discussing factors to be considered in deciding whether to exercise jurisdiction).

This is not a typical declaratory judgment action in which an insurer seeks to determine whether it owes a duty to defend its putative insured in some separate action. Such an action may proceed as a separate declaratory judgment action precisely because it will not interfere with the underlying liability action. Here, the very purpose of the action is to preclude continuation of the state court action. Thus, while not directly seeking to enjoin the state court proceedings, the relief sought in this action would have much the same effect. *See* Dkt No. 14-2 at 15 (discussing Anti-Injunction Act, 28 U.S.C. § 2283).

The serious concerns as to the existence of jurisdiction addressed above also militate in favor of the court declining to exercise jurisdiction over this action. If this matter were to proceed in this court, it would need to proceed with fewer than all parties whose interests might be affected. It would also proceed under a cloud of doubt as to the adequacy of the amount in controversy. Neither problem would be present if the claim raised here was raised as a defense in the state court action.

## CONCLUSION

For the reasons set forth above, this matter is dismissed for failure to join a necessary party whose joinder would defeat subject matter jurisdiction. The court also exercises its discretion under the Declaratory Judgment Act to decline jurisdiction over this matter. The court declines to reach Defendants' additional proffered grounds for dismissal.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 11, 2008

C:\Documents and Settings\Glp59\Local Settings\Temp\notesE1EF34\08-222 Bristol West v. Robinson dismiss-decline juris.wpd